*pro se party*

Copies Mailed to Counsel of Record.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAWRENCE SAVOCA, ) | |
| ) | |
| Movant, ) | |
| ) | 07cv2524 (LMS) |
| - *against* - ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | OPINION AND ORDER |
| ) | |
| Respondent. ) | |

**LISA MARGARET SMITH, U.S.M.J.**

Following his federal conviction in the underlying criminal proceeding, 03cr841 (SCR),

Lawrence Savoca moves, pursuant to Fed. R. Civ. P. 60, to vacate the judgment of conviction

and sentence. Docket Entry #70, Motion. For the reasons set forth below, the motion is denied.

**I.     Background**

The facts of this case are recounted in the Court's August 8, 2013, Decision and Order,

and the parties' familiarity with those facts is assumed. In short, brothers Lawrence and

Salvatore Savoca were involved in the June 21, 2001, attempted robbery and shooting of

Michael Geary. Salvatore acted as the stick-up man and the shooter, while Lawrence served as

the getaway driver. At the conclusion of a jury trial, Lawrence was convicted of conspiracy to

commit robbery (18 U.S.C. § 1951(a)); attempted robbery (18 U.S.C. §§ 1951(a)(2) & 2); using,

carrying, and discharging a firearm during the commission of a crime of violence (18 U.S.C. §

924(c)(1)(A)(iii)); and the Armed Career Criminal Act offense of possession of a firearm after

having previously been convicted of three violent felony offenses (18 U.S.C. §§ 922(g)(1),

924(e)). Salvatore pleaded guilty to a number of counts.

1

Both, proceeding pro se, thereafter moved separately to set aside, vacate, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. Lawrence challenged his conviction and sentence, whereas Salvatore challenged only his sentence. The movants consented to my exercise of jurisdiction over this matter pursuant to 28 U.S.C. § 636(c). Docket Entry #16, Motion. With the movants' consent, the Court consolidated the two motions. Docket Entry #22, March 15, 2011, Order.

By Decision and Order dated August 8, 2013, the Court denied movants' § 2255 motions. Docket Entry #58. Thereafter, the Clerk's Office entered Judgments on the Order denying the movants' § 2255 motions. Notices of appeal were filed from the Judgments by the movants. Docket Entry #61, Notice of Appeal.

## II.   Discussion

Lawrence now moves, pursuant to Fed. R. Civ. P. 60(b)(4), (b)(6), and (d) to vacate the judgment of conviction. Docket Entry #70, Motion at 1. The Government has filed no papers in opposition to the motion.

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Rule 60(b) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice and it constitutes a grand reservoir of equitable power to do justice in a particular case." Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (internal citations,

brackets, and quotation marks omitted).   "Furthermore, it is properly invoked where there are

extraordinary circumstances, or where the judgment may work an extreme and undue hardship."

Id. at 55-56 (internal quotation marks and citation omitted); United States v. Cirami, 563 F.2d

26, 32 (2d Cir. 1977) ("a proper case for Rule 60(b)(6) relief is only one of extraordinary

circumstances or extreme hardship." (internal quotation marks and citations omitted)).

 A court confronted with a Rule 60(b) motion in the context of a habeas proceeding must

be vigilant because the motion may, in truth, be a successive § 2255 motion merely in the guise

of a Rule 60(b) motion.   A successive § 2255 motion is permitted only in very limited

circumstances, which are not present here.   In Gonzalez v. Crosby, the Supreme Court addressed

such issue, holding that a Rule 60(b) motion

> is treated as a successive habeas petition when it seeks to add a new ground for relief
> . . . [or] attacks the federal court's previous resolution of a claim on the merits, since
> alleging that the court erred in denying habeas relief on the merits is effectively
> indistinguishable from alleging that the movant is, under the substantive provisions
> of the statutes, entitled to habeas relief.

545 U.S. 524, 532 (2005) (footnote omitted).   The motion is, instead, truly a Rule 60(b) motion

when "neither the motion itself nor the federal judgment from which it seeks relief substantively

addresses federal grounds for setting aside the movant's state [or federal] conviction." Id. at 533;

Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) ("[R]elief under Rule 60(b) is available

with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the

integrity of the habeas proceeding and not the underlying criminal conviction.").

> When presented with a Rule 60(b) motion that merely asserts or reasserts claims of
> error in the movant's underlying conviction or sentence, a district court has two
> procedural options: (i) the court may treat the Rule 60(b) motion as a second or
> successive habeas petition, in which case it should be transferred to [the Court of
> Appeals] for possible certification, or (ii) the court may simply deny the portion of
> the motion attacking the underlying conviction as beyond the scope of Rule 60(b).

3

Yuzary v. United States, 04cv2809 (RPP), 96cr967 (RPP), 2007 WL 4276864, *4 (S.D.N.Y. Nov. 30, 2007).

Although the Supreme Court's decision in Gonzalez was limited to § 2254 habeas corpus proceedings,  545 U.S. at 529 n 3, a number of district courts have concluded that its reasoning extends to a Rule 60(b) motions in the context of § 2255 habeas corpus proceedings.  See e.g. id. at *4 n 2; Schamborn v. United States, 507 F.Supp.2d 229, 240 (E.D.N.Y. 2007) ("Both the weight of district court authority in the Second Circuit as well as this Court's own reading of Gonzalez and the statutes at issue support the conclusion that Gonzalez's reasoning applies with equal force to Rule 60(b) motions seeking reconsideration of § 2255 petitions." (footnote omitted)); Hammie v. United States, 01cv960 (RNC), 98cr130 (RNC), 2005 WL 3543768, *1 n 4 (D.Conn. Dec. 20, 2005); but see Parke v. United States, 97cv526, 92cr035 (NPM), 2006 WL 3051775, *2-3 (N.D.N.Y. Oct. 20, 2006) (declining to extend Gonzalez to § 2255 petitions).

Here, Lawrence seeks to vacate the judgment of conviction on several theories, all of which stem from the allegation that Thomas Lee, his trial attorney, operated under an actual conflict of interest, which prevented him from rendering effective legal assistance.  The purported conflict of interest stemmed from (1) Lee's prior representation of William Lacerenza, an individual who was tangentially involved in the underlying crime; as well as (2) Lee's involvement in unrelated criminal activity.  Docket Entry #70, Motion at 11-12, 15.  These claims are nothing more than reiterations of the claims set forth in the prior § 2255 motion, or variations of such claims, and they plainly seek a "determination that there exist or do not exist grounds entitling [Lawrence] to habeas corpus relief." Gonzalez, 545 U.S. at 532 n 4.

Because Lawrence seeks, through the instant motion, to attack the merits of his underlying conviction, his claims do not fall within the scope of Rule 60(b). Yuzary, at *4.

4

Lawrence has already had an opportunity to assert such claims – through his comprehensive §

2255 motion, and he has filed an appeal from the denial of that motion.  In addition, Lawrence

does not claim extraordinary circumstances – necessary for success on a Rule 60(b) motion.

It would be a waste of judicial resources to transfer this matter to the Court of Appeals.

Lawrence has repeatedly demonstrated his ability to file comprehensive briefs with the courts,

and, therefore, he is able to make the appropriate application to the Court of Appeals.  See

Pimentel v. United States, 2008 WL 2151796, at *8 (S.D.N.Y. May 21, 2008) (habeas petitioner

that filed an improper Rule 60(b) motion could "move in the Court of Appeals for an order

authorizing" the district court to consider a successive motion).  Therefore, the motion is denied

in its entirety as outside the scope of Rule 60(b).  See Harris v. United States, 367 F.3d 74, 77

(2d. Cir. 2004) ("[A]n attack on the integrity of a previous habeas proceeding using subsection

(6) of Rule 60(b) is viable only in 'extraordinary circumstances.' ").[1]

## III.   Conclusion

For the reasons stated above, Lawrence's motion is denied.  Because Lawrence has not

made a substantial showing of the denial of a constitutional right, a certificate of appealability

will not issue.  See 28 U.S.C. § 2253(c)(2); United States v. Perez, 129 F.3d 255, 259–60 (2d

Cir. 1997).  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from

this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for

the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to terminate Docket Entry #s 70 and 73.

---

[1] Lawrence also asks the Court to hold an evidentiary hearing on the motion.  Docket
Entry #70, Motion at 10; Docket Entry #73, Notice of Motion.  Because the claims set forth in
the motion are outside the scope of Rule 60(b), no evaluation of the merits is appropriate.
Therefore, an evidentiary hearing is not warranted, and the motion for a hearing is denied.

Dated: January 5, 2015
        White Plains, New York

                        **SO ORDERED**

                        _____
                        **Lisa Margaret Smith**
                        United States Magistrate Judge
                        Southern District of New York


A copy of the foregoing Decision and Order has been sent to the following:

Lawrence Savoca
#83894-054
U.S.P. Big Sandy
P.O. Box 2068
Inez, KY 41224

Preet Bharara
United States Attorney for the Southern District of New York
Elliot Jacobson of counsel
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007

6