USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LAWRENCE SAVOCA,

               Petitioner,

  - against -

UNITED STATES OF AMERICA,

               Respondent.
------------------------------------X

07 Civ. 2524 (VM)

**DECISION AND ORDER**

VICTOR MARRERO, United States District Judge.

## I. BACKGROUND

Plaintiff Lawrence Savoca ("Savoca") was convicted in 2004 of conspiracy to commit robbery and attempted robbery under 18 U.S.C. Section 1951(a), use of a firearm during the commission of a crime of violence under 18 U.S.C. Section 924(c)(1)(A)(iii), and possession of a firearm after three previous felony convictions under 18 U.S.C. Section 922(g)(1). In 2007, Savoca brought a motion for an order to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Section 2255 ("Section 2255 Motion," Dkt. No. 1). Savoca consented to Magistrate Judge Smith's jurisdiction over the matter and by Order dated January 18, 2011 the Court referred the matter to Magistrate Judge Lisa Smith under 28 U.S.C. Section 636(c). (Dkt. No. 16.) By Decision and Order dated August 8, 2013, Magistrate Judge Smith denied Savoca's Section 2255 Motion. (Dkt. No. 58.) The Second Circuit

affirmed the denial of Savoca's Section 2255 Motion on May 16, 2014. (Dkt. No. 69.)

On December 29, 2014, Savoca filed this motion to withdraw consent ("Motion," Dkt No. 78), challenging the validity of his consent to proceed before Magistrate Judge Smith in 2011. A motion to vacate a referral to a magistrate judge must be made to the district judge who made signed the order of reference. See Fed. R. Civ. P. 73(b)(3). By Order dated July 15, 2016, Magistrate Judge Smith issued a Report and Recommendation ("Report," Dkt. No. 93), a copy of which is attached and incorporated herein, recommending that Savoca's Motion be denied. Savoca has not filed objections to the Report. For the reasons stated below, the Court adopts the recommendations of the Report in their entirety.

## II.  STANDARD OF REVIEW

A district court evaluating a magistrate judge's report may adopt those portions of the report to which no "specific, written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law. Fed. R. Civ. P. 72(b); see also Thomas v. Arn, 474 U.S. 140, 149 (1985); Greene v. WCI Holding Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997). The Court is not required to review any

-3-

portion of a magistrate judge's report that is not the subject of an objection. See Thomas, 474 U.S. at 149. A district judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of the magistrate judge as to such matters. See Fed. R. Civ. P. 72(b); DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

### III. DISCUSSION

Upon a review of the full record in this litigation, including the papers submitted in connection with this proceeding, as well as the Report and applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for the recommendations made in Report are not clearly erroneous or contrary to law and are thus warranted. Accordingly, for substantially the reasons set forth in the Report the Court adopts the Report's factual and legal analyses and determinations, as well as its substantive recommendations, in their entirety as the Court's ruling as to Savoca's Motion.

### IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Report and Recommendation ("Report") of Magistrate Judge Lisa Smith dated July 15, 2016 (Docket No. 93) is adopted in its entirety, and the motion of plaintiff

-4-

Lawrence Savoca ("Savoca") to withdraw his consent to the jurisdiction of a magistrate judge under 28 U.S.C. Section 636(b)(1)(Dkt. No. 78) is **DENIED**.

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         10 August 2016

                                    Victor Marrero
                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAWRENCE SAVOCA,

           Petitioner,

- *against* -

UNITED STATES OF AMERICA,

           Respondent.

07 Civ. 2524 (VM)(LMS)

**REPORT AND RECOMMENDATION**

TO: THE HONORABLE VICTOR MARRERO, U.S.D.J.

    By Decision and Order dated August 8, 2013 ("August 8 Order"), this Court denied the motion of Lawrence Savoca for an order to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 58.[1] On December 29, 2014 Mr. Savoca filed *pro se* a Motion to Withdraw Consent under 28 U.S.C. § 636(c). ECF Nos. 74, 77-79. This Motion is not properly before the undersigned, but instead must be made to the United States District Judge who signed the order of reference. See Fed. R. Civ. P. 73(b)(3) ("On its own for good cause—or when a party shows extraordinary circumstances—the <u>district judge</u> may vacate a referral to a magistrate judge under this rule.") (emphasis added).

    For the following reasons, I conclude, and respectfully recommend that Your Honor should conclude, that this Motion should be denied.

## BACKGROUND

    The facts of this case are recounted in the Court's August 8 Order, and the parties' familiarity with those facts is assumed. See ECF No. 58. In short, brothers Lawrence and

---

[1] As discussed in more detail *infra*, this proceeding was consolidated with a motion brought by Mr. Savoca's co-defendant and brother, Salvatore Savoca, also pursuant to 28 U.S.C. § 2255. For the purposes of this Report and Recommendation, all citations to docket entries refer to Lawrence Savoca's case and docket number, 07 Civ. 2524 (LMS).

Salvatore Savoca were involved in the June 21, 2001, attempted robbery and shooting of Michael Geary. Salvatore acted as the stick-up man and the shooter, while Lawrence served as the getaway driver. At the conclusion of a jury trial, Lawrence was convicted of conspiracy to commit robbery (18 U.S.C. § 1951(a)); attempted robbery (18 U.S.C. §§ 1951(a)(2) & 2); using, carrying, and discharging a firearm during the commission of a crime of violence (18 U.S.C. § 924(c)(1)(A)(iii)); and the Armed Career Criminal Act offense of possession of a firearm after having previously been convicted of three violent felony offenses (18 U.S.C. §§ 922(g)(1), 924(e)). Salvatore pleaded guilty to a number of counts.

Both, proceeding *pro se*, thereafter moved separately to set aside, vacate, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255.[2] Lawrence challenged his conviction and sentence, whereas Salvatore challenged only his sentence. The movants consented to my jurisdiction over this matter, and Your Honor referred the case to me pursuant to 28 U.S.C. § 636(c). ECF No. 16. With the movants' consent, the Court consolidated the two motions.[3] See ECF No. 22.

By Decision and Order dated August 8, 2013, this Court denied movants' § 2255 motions. ECF No. 58. Lawrence Savoca filed a Notice of Appeal on August 22, 2013, see ECF No. 61, and on May 16, 2014, the U.S. Court of Appeals for the Second Circuit dismissed his appeal because he failed to make a "substantial showing of the denial of a constitutional right." ECF No. 69.

---

[2] In addition to the motion filed pursuant to 28 U.S.C. § 2255, Lawrence Savoca also filed several additional motions, including several motions to amend and a motion for summary judgment. These motions are detailed in the August 8 Order. See ECF No. 58.

[3] Although Lawrence Savoca's and Salvatore Savoca's § 2255 motions have been consolidated, the instant Report and Recommendation relates only to Lawrence Savoca's Motion to Withdraw Consent. Therefore, all references to "Mr. Savoca" refer to Lawrence Savoca unless otherwise specifically noted.

2

Mr. Savoca also filed several motions with this Court seeking relief from the August 8 Order, including: a Motion to Alter or Amend a Judgment, pursuant to Fed. R. Civ. P. 59(e), Sept. 9, 2013, ECF No. 65, which was denied, Sept. 16, 2013, ECF No. 68; a Motion to Obtain Relief from Judgment, pursuant to Fed. R. Civ. P. 60(b)(4), June 24, 2014, ECF No. 70, which was denied, Jan. 5, 2015, ECF No. 75[4]; and a Motion for a Status Hearing, Oct. 28, 2014, ECF No. 73, which was also denied, Jan. 5, 2015, ECF No. 75.

Currently pending before this Court is Mr. Savoca's Motion to Withdraw Consent, Dec. 29, 2014, ECF No. 74, which was supplemented with an Affidavit in Support, Feb. 4, 2015, ECF No. 77, a Notice of Motion to Withdraw Consent, Feb. 17, 2015, ECF No. 78, and a Motion for a Status Hearing on the Motion, Feb. 17, 2015, ECF No. 79. The Government did not submit a response.

## DISCUSSION

Mr. Savoca moves to withdraw his consent to proceed before a United States magistrate judge for all purposes. See ECF Nos. 74, 77-79. Mr. Savoca bases this Motion on several arguments, including that it was unconstitutional for a magistrate judge to exercise jurisdiction over a § 2255 motion, that the legal analysis in the August 8 Order was erroneous, and that his consent was unknowing. ECF No. 74, at 7, 9-21. For the following reasons, I conclude, and respectfully recommend that Your Honor should conclude, that this Motion should be denied.

### I. Legal Standard

"Litigants enjoy no absolute right to withdraw a validly given consent to proceed before a magistrate judge." Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC, No. 04 Civ. 9651 (KMW)(KNF), 2011 WL 70593, at *2 (S.D.N.Y. Jan. 10, 2011) (citing Carter v. Sea Land

---

[4] Mr. Savoca sought leave from the Second Circuit to appeal the decision that denied his first Rule 60 motion, ECF No. 76, but the Second Circuit denied his application. ECF No. 81.

3

Servs., Inc., 816 F.2d 1018, 1021 (5th Cir. 1987)). "The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection." 28 U.S.C. § 636(c)(4) (emphasis added); see also Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir. 1984) ("Once a case is referred to a magistrate under section 636(c), the reference can be withdrawn only by the district court, and only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.' "[5]) (emphasis in original). The "extraordinary circumstances" standard is a high bar that is difficult to satisfy. See Zerega Ave. Realty Corp., 2011 WL 70593, at *3 (denying the motion to vacate the reference to the magistrate judge and noting that the moving party cited no decision in which a movant satisfied the standard).

The undersigned has found no clear guidance within this Circuit about specific factors to consider when analyzing whether a moving party has demonstrated "extraordinary circumstances" sufficient to justify vacating the order of reference. The Court of Appeals for the Fifth Circuit provides persuasive direction, stating that a court should consider a variety of factors, which may include: "undue delay, inconvenience to the court and witnesses, prejudice to the parties, whether the movant is acting *pro se*, whether consent was voluntary and uncoerced, whether the motion is made in good faith or is dilatory and contrived, the possibility of bias or prejudice on the part of the magistrate, and whether the interests of justice would best be served by holding a party to his [or her] consent." Carter, 816 F.2d at 1021 (citations omitted).

---

[5] The citation given for the internal quotation is 28 U.S.C. § 636(c)(6). In October, 1996, paragraph (6) was redesignated paragraph (4) by section 207 of the Federal Courts Improvement Act of 1996. See Federal Courts Improvement Act of 1996, Pub. L. 104–317, § 207, 110 Stat. 3847 (1996) ("Section 636 of title 28, United States Code, is amended—in subsection (c)— ... by striking out paragraphs (4) and (5); and by redesignating paragraphs (6) and (7) as paragraphs (4) and (5) . . . .").

4

This high standard of proof prevents gamesmanship. See Washington v. Kellwood Co., No. 05 Civ. 10034 (SN), 2015 WL 8073746, at *1 (S.D.N.Y. Dec. 4, 2015). "When a party comes to rue an adverse ruling, she [or he] cannot simply return to the district judge. The magistrate judge's authority is binding." Id. "The proper means by which to correct perceived erroneous rulings is to take an appeal, not to seek the eviction of the magistrate judge from the case." Zerega Ave. Realty Corp., 2011 WL 70593, at *3 (citations and quotations omitted).

## II. Application of Law to Savoca's Motion to Withdraw Consent

Mr. Savoca raises several arguments in this Motion, including: (1) it was unconstitutional for a magistrate judge to issue a final Order without review by a District Judge, ECF No. 74, at 7, 11, 17-21; (2) this Court erred in its legal analysis in the August 8 Order, ECF No. 74, at 9-17; and (3) Savoca "did not understand at time of consent that Judge Victor Marrero would not review the findings of Magistrate Smith before issuing a final [j]udgment." ECF No. 74, at 19. The Government did not file a response.

### A. Constitutionality of a U.S. Magistrate Judge's Exercise of Jurisdiction Pursuant to § 636(c) Over a § 2255 Motion

Mr. Savoca's first argument is unavailing. It is constitutional for a magistrate judge to exercise jurisdiction over a § 2255 motion. Mr. Savoca does not cite any case law in support of this argument in his filings connected to the instant motion, and although he references Johnston in his latter-filed Rule 60(b)(4) motion,[6] Johnston is neither controlling nor persuasive in the instant matter.[7] United States v. Johnston, 258 F.3d 361 (5th Cir. 2001) (holding that it is

---

[6] The Rule 60(b)(4) motion will be addressed by a separate Order of this Court.

[7] Also in his latter-filed Rule 60(b)(4) motion, Mr. Savoca cites Brown v. United States, 748 F.3d 1045 (11th Cir. 2014), in which the Eleventh Circuit expressed concern about the constitutionality of a magistrate judge exercising jurisdiction pursuant to § 636(c) over a § 2255 motion, but ultimately struck down the practice on statutory grounds. Questioning the constitutionality of § 636(c) in general, the Brown Court, 748 F.3d at 1069-70, relied largely on

5

unconstitutional for a U.S. magistrate judge to exercise jurisdiction pursuant to 28 U.S.C. § 636(c) over a § 2255 motion).

"Article III, § 1, serves both to protect the role of the independent judiciary within the constitutional scheme of tripartite government and to safeguard litigants' right to have claims decided before judges who are free from potential domination by other branches of government." Commodity Futures Trading Comm'n v. Schor, 478 U.S. 833, 848 (1986) (quotations and citations omitted). The latter protection concerns a party's personal right to adjudication of his or her case by an Article III judge; this right, like other personal rights guaranteed by the Constitution, can be waived. Id., at 848-49; see also Wellness Int'l, 135 S. Ct. at 1944 ("The entitlement to an Article III adjudicator is a personal right and thus ordinarily subject to waiver.") (quotations and citations omitted). The former protection is structural and serves to prevent "the encroachment or aggrandizement of one branch at the expense of the other." Schor, 478 U.S. at 850 (quoting Buckley v. Valeo, 424 U.S. 1, 22 (1976) (per curiam)). "When these [structural] Article III limitations are at issue, notions of consent and waiver cannot be dispositive because the limitations serve institutional interests that the parties cannot be expected to protect." Schor, 478 U.S. at 851.

The personal rights created by Article III are protected by the statutory language of 28 U.S.C. § 636(c), which requires the parties' consent for a magistrate judge to exercise jurisdiction over "all proceedings" in a civil matter. See 28 U.S.C. § 636(c)(1) ("Upon the consent of the

---

Stern v. Marshall, 564 U.S. 462 (2011), in which the Supreme Court held that Article III prevents bankruptcy courts from entering final judgment on claims that only seek to "augment" the bankruptcy estate and would otherwise exist "without regard to any bankruptcy proceeding." Stern, 564 U.S. at 495 & 499. However, the Supreme Court later clarified the holding of Stern in Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1939 (2015), in which the Court held that Article III is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge over such claims. The Court's opinion in Wellness Int'l effectively rendered moot the Brown Court's concerns about the constitutionality of § 636(c).

6

parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . .") (emphasis added). In the instant matter, as discussed in greater detail *infra*, the parties unambiguously consented, knowingly and voluntarily, to the jurisdiction of the undersigned. See also ECF No. 16. Therefore, the personal protections granted by Article III are not threatened generally by the delegation of a § 2255 motion to a magistrate judge nor are those protections eroded in this specific case. See also Johnston, 258 F.3d at 367 (finding that because the movant consented to the use of a magistrate judge in his case, he waived "any personal right he may have had to have his case reviewed by an Article III judge").[8]

The structural guarantees of Article III likewise are not upset by the delegation of a § 2255 motion to a magistrate judge pursuant to § 636(c). See Collins, 729 F.2d at 109-10. The Collins Court analyzed the statute in the context of a civil case arising from a complaint filed pursuant to 42 U.S.C. § 1983, but the reasoning in support of the holding is no less applicable in the context of a § 2255 motion. In Collins, the Second Circuit analyzed the statute's constitutionality in terms of both the constitutional scheme of separation of powers and the

---

[8] In Johnston, the Fifth Circuit noted that waiver may not be conclusive with respect to the personal protections guaranteed by Article III "if the alternative to the waiver were the imposition of serious burdens and costs on the litigant." 258 F.3d at 367, n.3 (citing Pacemaker Diagnostic Clinic, Inc. v. Instromedix, Inc., 725 F.2d 537, 543 (9th Cir. 1984) (en banc)). This concern, however, relates solely to the nature of the waiver; so long as the waiver is truly voluntary and knowing, there is no reason why a party could not waive his or her right to adjudication by an Article III judge. See, e.g., Wellness Int'l, 135 S. Ct. at 1939 ("We hold that Article III is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge."); Collins v. Foreman, 729 F.2d 108, 120 (2d Cir. 1984) ("We find that to the extent that litigants may have a due process right to appear before an Article III judge in a civil case, they may freely waive that right."); Pacemaker, 725 F.2d at 543 ("If it were shown that the choice is between trial to a magistrate or the endurance of delay or other measurable hardships not clearly justified by the needs of judicial administration, we would be required to consider whether the right to an Article III forum had been voluntarily relinquished. No such burdens or hardships have been demonstrated here.") (emphasis added).

7

Article III ban on the delegation of judicial power to non Article III judges; in regard to both, the Collins Court found the statute constitutional.[9] Id., at 114-15.

As the Supreme Court stated in Wellness Int'l, "allowing Article I adjudicators to decide claims submitted to them by consent does not offend the separation of powers so long as Article III courts retain supervisory authority over the process." 135 S.Ct., at 1944. In analyzing § 636(c) in the context of the policy of separation of powers, the Second Circuit stated that the relevant question was whether the statutory scheme "impermissibly allows district judges to place magistrate[ ] [judges][10] under the control of the executive or legislative branches." Collins, 729 F.2d at 114. There are three facets of the statutory scheme on which the Collins Court relied to answer this question. First, magistrate judges may conduct all proceedings in a civil matter, including entry of judgment, only "when specially designated to exercise such jurisdiction by the district court or courts he [or she] serves." 28 U.S.C. § 636(c)(1). Second, the judges of the district courts are entrusted with the exclusive responsibility to appoint and remove magistrate judges. 28 U.S.C. § 631(a), (i). Third, the district court retains the power to withdraw the order of reference. 28 U.S.C. § 636(c)(4). Additionally, under the current statutory scheme, "an aggrieved party may appeal directly to the appropriate United States court of appeals," that is, an Article III court, "from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court," 28 U.S.C. § 636(c)(3),[11] thus demonstrating another layer of control by Article III judges.

---

[9] The Supreme Court in Wellness Int'l noted that "the Courts of Appeals have unanimously upheld the constitutionality of § 636(c)." 135 S. Ct. at 1948, n.12 (citing cases in all thirteen circuits).

[10] In 1990, Congress enacted the Judicial Improvements Act of 1990; it was through this Act that the title of "magistrate" was changed to "magistrate judge." Pub. L. No. 101-650, § 321, Dec. 1, 1990, 104 Stat. 5089, 5117.

[11] Prior to the Federal Courts Improvement Act of 1996, which amended § 636, Pub. L. 104–317, § 207(1)(B), 110 Stat. 3850 (1996), parties could elect to appeal to a district court

The Second Circuit also found that § 636(c) does not create an impermissible delegation of judicial power to non-Article III judges. Collins, 729 F.2d at 115-20. The Collins Court relied on case law, which analyzed previous iterations and different subsections of § 636, and on analogies between magistrate judges and special masters, both of whom "are properly seen as adjuncts to the district court." Id., at 118. Furthermore, the Second Circuit placed particular emphasis on the issue of consent, finding that the parties' consent (1) "can, in certain circumstances, be a necessary condition for the exercise of jurisdiction," (2) "can affect the limits of permissible delegation," and (3) "provides a constraint against the wholesale delegation of judicial power to adjuncts of the district court." Id., at 119. In other words, because magistrate judges are properly considered "adjuncts to the district court," so long as the parties knowingly consent to a magistrate judge's jurisdiction, an order of reference from a district judge pursuant to such consent does not create an impermissibly unconstitutional delegation of judicial authority.

As noted *supra* at fn.9, the constitutionality of § 636(c) has been unanimously affirmed by every Circuit Court of Appeals, including the Fifth Circuit. See Puryear v. Ede's Ltd., 731 F.2d 1153, 1154 (5th Cir. 1984). However, the Fifth Circuit has carved out an exception for § 2255 motions, holding that although these motions are "civil matters," thus statutorily eligible for referral under § 636(c), Article III precludes delegation of these matters to magistrate judges because "a § 2255 motion does not easily comport with the average civil case or even another quasi-civil proceeding such as a § 2254 petition." Johnston, 258 F.3d at 368. The Johnston Court identifies three problems with the procedure in this specific instance: (1) a magistrate

---

judge "in the same manner as on an appeal from a judgment of the district court to a court of appeals." 28 U.S.C. § 636(c)(4) (1994 ed.) (repealed 1996). Under both the pre- and post-1996 schemes, the parties retained the right to seek ultimate review from the U.S. Supreme Court. 28 U.S.C. § 636(c)(5) (1994 ed.) (repealed 1996); 28 U.S.C. § 636(c)(3).

9

judge may be tasked with attacking the validity of an Article III judge's rulings, id., at 368-69; (2) a magistrate judge may become "embroil[ed] in the unconstitutional conduct of a felony trial," id., at 369-70; and (3) a magistrate judge may enter a final order without the district court's review. Id., at 370-72. This Court is not persuaded that any of these three reasons supports a finding that the practice is unconstitutional.

With regard to the first and third issues identified by the Johnston Court, neither represents an issue unique to § 2255 motions. It is true that due to the nature of a § 2255 motion, a magistrate judge presiding over the motion may review the conduct of the district judge who presided over the trial, but that does not create constitutional infirmity.[12] Whenever a civil matter is referred to a magistrate judge pursuant to § 636(c)(1), that magistrate judge is not bound by the prior opinions expressed by the district court in the case and may elect to modify prior orders as he or she deems appropriate. See Tischmann v. ITT/Sheraton Corp., No. 92 Civ. 2505 (SWK)(MH), 1997 WL 195477, at *4 (S.D.N.Y. Apr. 22, 1997), aff'd, 145 F.3d 561 (2d Cir. 1998). With regard to the reviewability issue, any appeal from a final order by a magistrate judge, entered pursuant to § 636(c)(1), is taken to the circuit court rather than the district court.

---

[12] There is a practical concern for a magistrate judge reviewing a § 2255 motion, either on consent or for production of a Report and Recommendation, because the magistrate judge may conclude that the district judge on the case made one or more errors. District judges vote on renewing the terms of magistrate judges; therefore, this circumstance could cause some discomfort to the reviewing magistrate judge. See, e.g., James G. Woodward & Michael E. Penick, Expanded Utilization of Federal Magistrate Judges: Lessons from the Eastern District of Missouri, 43 St. Louis U. L.J. 543, 555 (1999) (suggesting that disposition of a § 2255 motion by a magistrate judge "may be awkward or ill-advised"). However, this potential for an "awkward or ill-advised" situation does not render such a referral unconstitutional.

In the instant case, this practical concern did not exist because by the time that the parties entered their consent in the case on Jan. 18, 2011, ECF No. 16, the original district judge, the Hon. Stephen C. Robinson, had resigned from the bench. Furthermore, well before Judge Robinson's resignation, which was effective Aug. 11, 2010, the undersigned had been involved in reviewing this matter. See Order of Reference, Apr. 13, 2007, ECF No. 2. Therefore, the undersigned had far greater familiarity with the case than that of the newly assigned district judge.

10

See 28 U.S.C. § 636(c)(3). There is no principled reason to believe this method of review is unconstitutional as applied to § 2255 motions but not as applied to other "civil matters."

With regard to the second issue identified by the Johnston Court, relating to a magistrate judge's involvement in a felony trial, this concern also does not persuade this Court that the practice is unconstitutional. The Johnston Court, in discussing this perceived issue, focused on whether it was constitutional for a magistrate judge to preside over a felony trial,[13] see 258 F.3d at 370, but that question is not invoked in consideration of a magistrate judge exercising jurisdiction over a § 2255 motion. To the extent that a § 2255 motion is considered a distinct civil proceeding, as the Fifth Circuit held, it is an entirely separate matter from the underlying criminal case, such that a judge exercising jurisdiction over a § 2255 motion is not embroiled in the mechanics of a felony trial.

---

[13] Although the holding in Johnston is not limited to § 2255 motions filed following a felony conviction, it seems that this argument only applies in that context. Subsections 636(a)(3) and (a)(5) grant magistrate judges the power to conduct misdemeanor criminal trials and enter a sentence for a misdemeanor so long as the parties consent. The Johnston Court noted that this practice does not raise the same constitutional concerns as in the case of a felony criminal trial. 258 F.3d at 370, fn.4 ("Whether such a delegation is constitutional is less in doubt as petty offenses were not historically considered 'crimes' at common law and were summarily disposed of by judicial officers other than Article III judges.") (citations and quotations omitted).

The Johnston Court failed to recognize that Congress has already granted magistrate judges authority over more than mere "petty offenses;" subsection 636(a) grants magistrate judges authority not just over sentencing for "petty offenses," § 636(a)(4), but also over sentencing for "class A misdemeanor[s]," § 636(a)(5), suggesting that Congress intentionally enlarged a magistrate judge's authority beyond that which was historically granted. Furthermore, the Eleventh Circuit has noted it may not necessarily be unconstitutional for magistrate judges to try felony offenses so long as they are authorized by Congress to do so. See Brown, 748 F.3d at 1068, n.52 ("Historically, the enforcement of federal criminal law was not exclusively within the province of Article III courts. . . . And the Supreme Court has suggested that Article III does not require that federal crimes be tried before an Article III judge. . . . Congress has chosen to grant federal courts exclusive jurisdiction over all offenses against the laws of the United States. Simply because Congress granted exclusive jurisdiction to federal courts, however, does not necessarily mean that it could not grant state courts some responsibility to administer federal criminal law.") (citations and quotations omitted).

11

Ultimately, the structural protections provided by Article III are guaranteed in this instance for all the same reasons they are guaranteed in all other instances of referrals pursuant to § 636(c)(1): the parties' knowing and voluntary consent combined with the statutory structure, in which the district court retains critical hallmarks of supervisory authority, support the holding that the delegation of § 2255 motions to a magistrate judge is constitutional. Therefore, Mr. Savoca's first argument in support of the instant motion is without merit.

### B. Other Arguments in Support of Motion to Withdraw Consent

Mr. Savoca's second argument, that this Court erred in its August 8 Order, does not demonstrate the "extraordinary circumstances" necessary to support a Motion to Withdraw Consent. Even if there was an error in the legal analysis of the August 8 Order, which I find there was not, the proper avenue to question that analysis was through an appeal to the Circuit Court, an avenue to which Mr. Savoca availed himself (ECF No. 61). See Zerega Ave. Realty Corp., 2011 WL 70593, at *4 (S.D.N.Y. Jan. 10, 2011) ("In sum, the Court finds that [the movant] has failed to demonstrate that 'extraordinary circumstances' warrant vacating the reference of this matter to the Magistrate Judge. If [the movant] believes that the Magistrate Judge's rulings are erroneous, its remedy is not to seek to vacate the reference to the Magistrate Judge, but rather to take an appeal from the Magistrate Judge's final decision."); 178 E. 80th St. Owners, Inc. v. Jenkins, No. 00 Civ. 5959 (RCC)(FM), 2003 WL 22004900, at *1 (S.D.N.Y. Aug. 22, 2003) (summarily denying a motion to vacate order of reference under § 636(c) based on movant's failure to show the existence of extraordinary circumstances); see also Manion v. Am. Airlines, Inc., 251 F. Supp. 2d 171, 175 (D.D.C. 2003) (finding that the movant failed to demonstrate "any facts suggesting the existence of 'extraordinary circumstances' warranting the drastic action of vacating the referral made to [the magistrate judge] for all purposes pursuant to

the voluntary consent of the parties"); Doe v. Nat'l Bd. of Med. Examiners, No. Civ. A. 99-4532, 2001 WL 1003206, at *8 (E.D. Pa. Aug. 14, 2001) (denying the motion to vacate the reference upon finding that the magistrate judge's rulings did not "come close to rising to the level of the 'extraordinary circumstances' required under the statute"); Frank v. Cty. of Hudson, 962 F. Supp. 41, 44 (D.N.J. 1997) (denying the motion upon finding no "extraordinary circumstances" to support vacatur of the order of reference).

Mr. Savoca's third argument in support of the Motion to Withdraw Consent is that he "did not understand at time of consent that Judge Victor Marrero would not review the findings of Magistrate Smith before issuing a final [j]udgment." ECF No. 74, at 19. In support of this claim, Mr. Savoca relies on a letter he wrote to Your Honor, dated December 6, 2010, which states: "Pursuant to 28 U.S.C. § 636(c), I will consent to proceed before Magistrate Judge Smith." ECF No. 74, Exh. B, at 2.[14] Mr. Savoca asserts that despite this letter, he was "not given full disclosure by the court as to the finality of judgment."[15] ECF No. 74, at 20. This self-serving statement is wholly without basis. Subsequent to the December 6, 2010, letter, Mr. Savoca signed a stipulation consenting to proceed before a United States Magistrate Judge; this stipulation was signed by counsel for the Government, and was so-ordered by Your Honor on January 18, 2011. ECF No. 16. The stipulation reads, in part:

> 1. All parties consent . . . that a United States Magistrate Judge conduct all further proceedings in this action, including any trial and entry of final judgement. [sic] 2. Any appeal from a judgment

---

[14] This letter does not otherwise appear on the docket sheet.

[15] Mr. Savoca subsequently submitted to this Court a letter in response to the Government's sur-reply to the latter-filed Rule 60(b)(4) motion, in which he states, in part: "[a]pparently I did consent to final judgment language." ECF No. 90, at 1. Mr. Savoca states in that letter that this acknowledgment has no impact on the Rule 60(b)(4) motion, id., but he ignores its import on the previously-filed Motion to Withdraw Consent. Although this letter was not filed in connection with the Motion to Withdraw Consent, it demonstrates the inanity of Mr. Savoca's third argument.

13

> entered in this case will like [sic] to the Court of Appeals for the Second Circuit as from any other judgment of the district court . . . .

ECF No. 16 (emphasis added). The signature on the consent form appears to match Mr. Savoca's signature on the filings for the instant motion, and the language on the form is unambiguous with regard to the powers conferred upon a magistrate judge.[16]

There is no doubt that Mr. Savoca's consent was knowing and voluntary, and furthermore, the Carter factors identified by the Fifth Circuit, taken in aggregate, weigh in favor of denying Mr. Savoca's Motion to Withdraw Consent. To begin, this Motion is extremely belatedly filed. Mr. Savoca was put on notice, time and again, throughout the course of this litigation, that the undersigned was issuing all decisions and orders in this case. See ECF Nos. 27, 48, 51, & 57. Mr. Savoca therefore had many opportunities to raise this argument, and yet he declined to do so until nearly five years after the Order of Reference was entered and more than a year after the final Decision and Order on the underlying § 2255 motion was entered. Mr. Savoca is proceeding *pro se*, but he has demonstrated a familiarity with the law and with the mechanics of filing motions with the Court, see, e.g., ECF Nos. 34-35, 53, 65, & 70, and Mr. Savoca has provided no justification for his failure to raise this argument sooner. There is simply no reason to believe that this Motion was made in good faith. At this late stage in the litigation, after the case has been closed for more than a year, the interests of justice are best served by holding Mr. Savoca to his consent.

## CONCLUSION

For the aforementioned reasons, I find Mr. Savoca's arguments without merit, as he has failed to demonstrate "extraordinary circumstances" that would warrant vacating the order of

---

[16] This Court takes note of what appears to be a typographical error in section two of the stipulation, where the word "like" is used instead of "lie." However, in the context of the sentence, this Court finds that the intended meaning is unmistakable.

14

reference on the parties' consent, and I therefore respectfully recommend that Your Honor deny Mr. Savoca's Motion to Withdraw Consent.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Victor Marrero, at the United States District Court, Southern District of New York, United States Courthouse, 500 Pearl Street, New York, New York, 10007.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Marrero.

Dated: July 15, 2016
White Plains, NY

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been mailed to the Movant.

15